UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GREGORY DAVIS<br>c/o Fieger, Fieger, Kenney & Harrington, P.C.<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>*and*<br>c/o Spangenberg Shibley & Liber LLP<br>1001 Lakeside Ave. East, Suite 1700<br>Cleveland, OH 44114<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SUNSET CYLINDER EXCHANGE, LLC<br>c/o Josh M. Stolly<br>111 Rush Avenue<br>PO Box 68<br>Bellefontaine, OH 43311<br><br>and<br><br>MATTHEW TITUS<br>11873 Headapohl Road<br>Wapakoneta, OH 45895<br><br>and<br><br>HUTCHISON SHELL, INC., also known as<br>HS C-STORE, INC.<br>c/o Bryan Hutchison and Bethany Hutchison<br>1402 Bellefontaine Street<br>Wapakoneta, OH 45895<br><br>　　　　　Defendants. | CASE NO. 3:22-cv-00471<br><br>JUDGE<br><br><br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>*[Jury Demand Endorsed Hereon]* |

NOW COMES Plaintiff, Gregory Davis, and for his Complaint against the above-named Defendants, states and avers the following:

## NATURE OF THE ACTION

1. This is an action for negligence/recklessness arising from the negligent/reckless operation of a tractor trailer, causing catastrophic injury to Plaintiff, Gregory Davis, a resident of Michigan. While Mr. Davis, a 64-year-old man, was filling his car with gas at a gas station, a tractor trailer operated by Defendant Matthew Titus, while acting as an employee and/or agent of Defendant Sunset Cylinder Exchange, LLC ("Sunset Cylinder"), backed into Mr. Davis, running him over. As a result of Defendants Matthew Titus and Sunset Cylinder's negligence/recklessness, Plaintiff has suffered severe permanent physical injuries and sustained economic and non-economic past and future damages and harm.

2. At times relevant herein, Defendant Hutchison Shell, Inc., also known as HS C-Store, Inc. (hereinafter referred to as "Hutchison Shell"), was negligent with regard to the management of its delivery services and design regarding flow of traffic to ensure the safety of its business partners, patrons and guests. As a result of Defendant Hutchison Shell's negligence, Plaintiff has suffered severe permanent physical injuries and sustained economic and non-economic past and future damages and harm.

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332. The matter in controversy exceeds Seventy-Five-Thousand Dollars ($75,000.00), exclusive of interest and costs, and the Plaintiff and Defendants are citizens of different states.

4. The Court has personal jurisdiction over all Defendants. An Ohio limited liability company, Defendant Sunset Cylinder is authorized to conduct and do business and has its principal place of business in Ohio. Defendant Matthew Titus is a resident of Ohio. Defendant Hutchison

Shell, Inc., also known as HS C-Store, Inc., is authorized to conduct and do business and has its principal place of business in Ohio.

5. Venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to the claim occurred in this district.

**PARTIES**

6. Plaintiff, Gregory Davis is, and was at all times relevant, a citizen of Michigan.

7. Defendant Sunset Cylinder is a for profit Ohio limited liability company with its principal place of business located in St. Mary's, Ohio. Upon information and belief, all members of Defendant Sunset Cylinder are citizens of Ohio.

8. Defendant Matthew Titus resides in and is a resident of the state of Ohio. At all times relevant, Defendant Matthew Titus was acting within the course and scope of his employment and/or agency with Defendant Sunset Cylinder, thereby rendering Defendant Sunset Cylinder vicariously liable for Defendant Matthew Titus's conduct alleged herein as a matter of law under the doctrine of *respondeat superior*.

9. Defendant Hutchison Shell is a for profit Ohio corporation with its principal place of business located in Wapakoneta, Ohio. Upon information and belief, all members of Defendant Hutchison Shell are citizens of Ohio.

**STATEMENT OF FACTS**

10. On February 2, 2022, Plaintiff Gregory Davis stopped at Defendant Hutchison Shell's gas station in Wapakoneta, Ohio to purchase and refuel his vehicle with gas. Mr. Davis was traveling by car back to his home in Michigan.

11. While on the premises of the Defendant Hutchison Shell gas station, Mr. Davis, a business invitee, parked his vehicle next to a gas pump and exited the vehicle to pump gas.

12. While Mr. Davis was waiting for his gas tank to fill, a tractor trailer owned by Defendant Sunset Cylinder, and being operated by Defendant Matthew Titus, backed into Mr. Davis.

13. The tractor trailer initially pinned Mr. Davis against Mr. Davis' vehicle. The tractor trailer continued running into and ran Mr. Davis over.

14. Following the incident, Mr. Davis was immediately taken to the hospital, where he remains at present.

15. As a result of the incident, Mr. Davis has suffered catastrophic injuries, including but not limited to:

    a. Traumatic crush injury;

    b. Nerve damage;

    c. Paresthesia;

    d. Injury and residual pain to right shoulder;

    e. Injury and residual pain to lumbar spine;

    f. Contusions and abrasions about his body;

    g. Generalized weakness;

    h. Decreased sensation of the lower extremity;

    i. Reduced mobility requiring assistive devices;

    j. Emergency medical care;

    k. Hospitalization;

    l. Physical and occupational therapies and rehabilitation;

    m. Future medical treatment;

    n. Physical pain and suffering;

    o.      Mental anguish;

    p.      Emotional distress;

    q.      Fright and shock;

    r.      Denial of social pleasures and enjoyment;

    s.      Humiliation and mortification;

    t.      Various musculoskeletal injuries, bruising and scarring;

    u.      Serious impairment of body function, and permanent loss of one or more organ systems and/or loss of use of a limb;

    v.      Permanent substantial deformity and disfigurement; and

    w.      Excess economic losses, including but not limited to excess replacement services, prescription and over the counter drugs and medical equipment and excess wage loss.

## FIRST CLAIM FOR RELIEF
**(Negligence/Recklessness against Defendants Matthew Titus and Sunset Cylinder)**

16. Plaintiff realleges and hereby incorporates each and every preceding paragraph as if fully rewritten herein.

17. At all times relevant, Defendant Matthew Titus owed a duty of reasonable care to others, including Plaintiff, while operating Defendant Sunset Cylinder's tractor trailer.

18. Defendant Matthew Titus breached this duty at the place and date described above.

19. Defendant Matthew Titus acted negligently, without reasonable care, willfully, and with reckless disregard for the safety and well-being of others, including Plaintiff, under circumstances where serious injuries were substantially likely to, and did, occur.

5

20. At all times relevant, Defendant Matthew Titus was acting within the course and scope of his employment and/or agency with Defendant Sunset Cylinder, rendering Defendant Sunset Cylinder vicariously liable for Defendant Matthew Titus's negligent and reckless conduct.

21. As a direct and proximate result of Defendant Matthew Titus's negligent and reckless conduct, as described herein above, Plaintiff Gregory Davis suffered physical injuries, including but not limited to traumatic crush injury, nerve damage, paresthesia, injury and residual pain to his right shoulder, injury and residual paint to his lumbar spine, injury and residual pain to his bilateral lower extremities, contusions and abrasions about his body, generalized weakness, decreased sensation of the lower extremity, reduced mobility requiring assistive devices, emergency medical care, hospitalization, physical and occupational therapies and rehabilitation, future medical treatment, physical pain and suffering mental anguish, emotional distress, fright and shock, denial of social pleasures and enjoyment, humiliation and mortification, various musculoskeletal injuries, bruising and scarring, serious impairment of body function, permanent loss of a bodily organ system(s), permanent loss of use of a limb(s), permanent substantial physical deformity and disfigurement and has incurred and will incur into the future economic and non-economic damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants Matthew Titus and Sunset Cylinder for compensatory damages in an amount that will fully and fairly compensate Plaintiff Gregory Davis for his past and future injuries, damages, and loss in an amount in excess of Seventy-Five Thousand Dollars ($75,000) to be more fully adduced at trial.

**WHEREFORE FURTHER**, Plaintiff demands judgment against Defendants Matthew Titus and Sunset Cylinder for punitive exemplary damages in an amount in excess of Seventy-

Five Thousand Dollars ($75,000) that will adequately punish and deter Defendant Matthew Titus' reckless and willful misconduct, along with attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF
**(Negligent/Reckless Entrustment against Defendant Sunset Cylinder)**

22. Plaintiff realleges and hereby incorporates each and every preceding paragraph as if fully rewritten herein.

23. At all times relevant, Defendant Sunset Cylinder owned the tractor trailer involved in the incident described herein above.

24. At all times relevant, Defendant Sunset Cylinder had a duty to refrain from entrusting its tractor trailer to incompetent drivers.

25. Upon information and belief, at all times relevant, Defendant Matthew Titus was not competent to safely operate Defendant Sunset Cylinder's tractor trailer.

26. At the time Defendant Sunset Cylinder negligently, willfully and with reckless disregard for the safety of those on the public roadways, entrusted its tractor trailer to Defendant Matthew Titus, Defendant Sunset Cylinder knew or should have known that Defendant Matthew Titus was not competent to operate its tractor trailer, all in violation of its duty to refrain from doing so.

27. At the date and location described above herein, Defendant Matthew Titus, did negligently and/or recklessly operate Defendant Sunset Cylinder's tractor trailer.

28. Defendant Matthew Titus's negligent and/or reckless use of Defendant Sunset Cylinder's tractor trailer proximately caused Plaintiff's injuries and damages as alleged herein.

29. As a direct and proximate result of Defendant Sunset Cylinder's negligent and/or reckless entrustment of its tractor trailer to Defendant Matthew Titus, Plaintiff Gregory Davis

sustained significant physical injuries and has and will continue to incur economic and non-economic damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Sunset Cylinder for compensatory damages in an amount that will fully and fairly compensate Plaintiff Gregory Davis for his past and future injuries, damages, and loss in an amount in excess of Seventy-Five Thousand Dollars ($75,000) to be more fully adduced at trial.

**WHEREFORE FURTHER**, Plaintiff demands judgment against Defendant Sunset Cylinder for punitive exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000) that will adequately punish and deter Defendant Sunset Cylinder's reckless and willful misconduct, along with attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF
**(Negligent/Reckless Hiring, Retention and/or Supervision against Defendant Sunset Cylinder)**

30. Plaintiff realleges and hereby incorporates by reference each and every preceding paragraph as if fully rewritten herein.

31. Defendant Matthew Titus was, at all times relevant, an employee and/or agent of Defendant Sunset Cylinder, over whom Defendant Sunset Cylinder had the right of control.

32. As of the date of the incident involving Plaintiff, described herein above, Defendant Matthew Titus was not competent to safely operate Defendant Sunset Cylinder's tractor trailer.

33. As of the date of the incident involving Plaintiff described herein above, Defendant Sunset Cylinder had actual or constructive knowledge that Defendant Matthew Titus was not competent to safely operate Defendant Sunset Cylinder's tractor trailer.

34. Defendant Matthew Titus's acts and omissions, described herein above, performed in the course and scope of his employment and/or agency with Defendant Sunset Cylinder, proximately caused Plaintiff injuries, damage and loss as alleged herein.

35. At all times relevant, Defendant Sunset Cylinder had a duty to exercise reasonable care in the hiring, supervision, training, and retention of its employee and/or agent, Defendant Matthew Titus.

36. Defendant Sunset Cylinder negligently, willfully, and recklessly breached its duty of reasonable care in its hiring, supervision, training, and/or retention of Defendant Matthew Titus.

37. As a direct and proximate result of Defendant Sunset Cylinder's negligent and reckless hiring, retention, supervision, and its failure to adequately train, supervise, and monitor Defendant Matthew Titus, Plaintiff Gregory Davis sustained significant physical injuries and has and will continue to incur economic and non-economic damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Sunset Cylinder for compensatory damages in an amount that will fully and fairly compensate Gregory Davis for his past and future injuries, damages, and loss in an amount in excess of Seventy-Five Thousand Dollars ($75,000) to be more fully adduced at trial.

**WHEREFORE FURTHER**, Plaintiff demands judgment against Defendant Sunset Cylinder for punitive exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000) that will adequately punish and deter Defendant Sunset Cylinder's reckless and willful misconduct, along with attorneys' fees and costs of suit.

### FOURTH CLAIM FOR RELIEF
(Negligence *Per Se* against Defendant Matthew Titus – R.C. § 4511.38)

38. Plaintiff realleges and hereby incorporates by reference each and every preceding paragraph as if fully rewritten herein.

9

39. At the date and place described above herein, there was a legislative enactment imposing a specific duty upon Defendant Matthew Titus for the safety and protection of a person in Plaintiff's position, to wit Ohio Revised Code ("R.C.") Section 4511.38 entitled "Rules for starting and backing vehicles."

40. At the date and place described above herein, Defendant Matthew Titus failed to observe and otherwise violated R.C. §4511.38.

41. Defendant Matthew Titus' failure to observe R.C. §4511.38 proximately caused Plaintiff physical injuries and past and future economic and non-economic damages.

**WHEREFORE,** Plaintiff demands judgment against Defendants Matthew Titus and Sunset Cylinder for compensatory damages in an amount that will fully and fairly compensate Gregory Davis for his past and future injuries, damages, and loss in an amount in excess of Seventy-Five Thousand Dollars ($75,000) to be more fully adduced at trial.

## FIFTH CLAIM FOR RELIEF
**(Negligence/Recklessness against Defendant, Hutchison Shell)**

42. Plaintiff realleges and hereby incorporates each and every preceding paragraph as if fully rewritten herein.

43. At all times relevant, Defendant Hutchison Shell was the owner and operator of the gasoline service station located at 1402 Bellefontaine Street in Wapakoneta, Ohio, where the above-described crash occurred.

44. At all times relevant, Defendant Hutchison Shell had duties and obligations to the general public, business invitees, business partners, patrons and guests, regarding the design, control and maintenance of the property located at 1402 Bellefontaine.

45. Defendant Hutchison Shell negligently and recklessly designed and/or managed and/or maintained the premises in such a way that did not allow for the safe entry, exit and/or

parking of vehicles, including customers in passenger vehicles, as well as trucks delivering services.

46. Defendant Hutchison Shell failed to provide the appropriate distance between the gasoline supply tanks, gasoline pump stations, outside product and the service station to allow safe movement of visitors and vehicles on the premises.

47. Defendant Hutchison Shell failed to maintain, inspect, repair and/or otherwise take reasonable precautions to prevent crashes or injuries to its visitors by observing their premises, making note of dangerous conditions and correcting said conditions.

48. Defendant Hutchison Shell failed to put the proper protocols, policies and procedures in place for delivery of services from their business partners, such as tankers delivering gasoline or semi-trucks delivering propane products, to ensure the safety of their customers and the general public.

49. The aforesaid environment created hazardous and unreasonably dangerous conditions to the welfare of the general public, specifically, Plaintiff, Gregory Davis, who had a right to expect that Defendant Hutchison Shell would exercise reasonable care in the design, control and/or maintenance of the premises.

50. Defendant Hutchison Shell was on notice of the dangerous conditions existing on its premises and otherwise knew or should have known that a dangerous and hazardous condition and/or unreasonable risk of harm existed and was reasonably foreseeable and Defendant Hutchison Shell was negligent and careless by creating, maintaining and/or allowing the dangerous and hazardous condition and/or unreasonable risk of harm to exist and breached the duty owed to Plaintiff Gregory Davis and the general public.

51. As a direct and proximate result of Defendant Hutchison Shell's negligent and reckless conduct, Plaintiff Gregory Davis sustained significant physical injuries and has and will continue to incur economic and non-economic damages.

**WHEREFORE,** Plaintiff demands judgment against Defendant Hutchison Shell for compensatory damages in an amount that will fully and fairly compensate Gregory Davis for his past and future injuries, damages, and loss in an amount in excess of Seventy-Five Thousand Dollars ($75,000) to be more fully adduced at trial.

**WHEREFORE FURTHER**, Plaintiff demands judgment against Defendant, Hutchison Shell for punitive exemplary damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000) that will adequately punish and deter Defendant Hutchison Shell's reckless conduct along with attorneys' fees and costs of suit.

***TRIAL BY JURY ON ALL CLAIMS FOR RELIEF HEREBY DEMANDED.***

DATED this 23rd day of March 2022.

Respectfully submitted by:

| | |
|---|---|
| */s/ Nicholas A. DiCello* | */s/ James J. Harrington, IV* |
| NICHOLAS A. DICELLO (0075745) | JAMES J. HARRINGTON, IV (P65351) |
| KEVIN C. HULICK (0093921) | Fieger, Fieger, Kenney & Harrington, P.C. |
| **SPANGENBERG SHIBLEY & LIBER LLP** | 19390 West 10 Mile Road |
| 1001 Lakeside Avenue East, Suite 1700 | Southfield, MI 48075 |
| Cleveland, OH 44114 | (248) 355-5555 |
| (216) 696-3232 | Fax: (248) 355-5148 |
| (216) 696-3924 (FAX) | j.harrington@fiegerlaw.com |
| ndicello@spanglaw.com | |
| khulick@spanglaw.com | |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |