## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**GREGORY DAVIS,**                                   CASE NO. 3:22 CV 471

     Plaintiff,

     v.                                             JUDGE JAMES R. KNEPP II

**SUNSET CYLINDER EXCHANGE, LLC,**
**et al.,**
                                                     **MEMORANDUM OPINION AND**
     Defendants.                                 **ORDER**


### INTRODUCTION

Currently pending before the Court is Defendant Matthew Titus's Motion for Partial Judgment on the Pleadings. (Doc. 15). Plaintiff Gregory Davis opposed (Doc. 21), and Defendant replied (Doc. 22). Jurisdiction is proper under 28 U.S.C. § 1332. For the reasons discussed below, Defendant's Motion is granted and Count Four of the Complaint is dismissed.

### BACKGROUND

On February 2, 2022, Plaintiff was parked and filling his car with gas at a Hutchison Shell-owned gas station when a tractor trailer operated by Titus backed into him, pinned him against his vehicle, and ran him over. (Doc. 1, at ¶¶ 1, 10-13).

In Count Four of his Complaint, Plaintiff brings a claim for negligence *per se* against Titus based on Ohio Revised Code § 4511.38. *Id.* at ¶¶ 38-41. Plaintiff asserts this statute "impos[ed] a specific duty upon Defendant Matthew Titus for the safety and protection of a person in Plaintiff's position", Titus violated the statute, and the violation proximately caused Plaintiff's injuries. *Id.*

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Federal Civil Rule 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion. *Coley v. Lucas Cnty.*, 799 F.3d 530, 536–37 (6th Cir. 2015). When deciding either motion, this Court presumes all factual allegations in the complaint to be true and makes all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). A complaint will only survive if it states a plausible claim for relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To do so, the complaint must state factual allegations that allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bates v. Green Farms Condominium Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). A complaint is not required to contain "detailed factual allegations," but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555.

## DISCUSSION

Titus moves for partial judgment on the pleadings, seeking dismissal of Count Four of the Complaint – negligence *per se*. He argues (1) the cited statute has no applicability to incidents on private property, such as occurred here; and (2) even if the statute were applicable, the duty it prescribes is too general and abstract to constitute negligence *per se*. *See* Doc. 15. Plaintiff opposes, arguing (1) Titus's interpretation of the statute violates the last antecedent rule of statutory construction; and (2) the statute can serve as the basis for negligence *per se*. *See* Doc. 21. In Reply, Titus contends his interpretation of the statute is supported by Ohio caselaw, and that even under Plaintiff's interpretation, the Complaint fails to state a plausible claim for relief. *See* Doc. 22. The Court grants Titus's motion.

2

Applicability of § 4511.38 to Private Property

The cited statute provides, in relevant part:

Before backing, operators of vehicle, streetcars, or trackless trolleys shall give ample warning, and while backing they shall exercise vigilance not to injure person or property on the street or highway.

Ohio Rev. Code § 4511.38. "'Street' or 'highway' means the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." Ohio Rev. Code § 4511.01(BB).

As a federal court sitting in diversity, this Court must apply Ohio law, first looking to the decisions of the Ohio Supreme Court and abiding by any directly applicable holding. *See West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 236 (1940); *see also In re Fair Fin. Co*., 834 F.3d 651, 671 (6th Cir. 2016). Intermediate state appellate court decisions are "viewed as persuasive unless it is shown that the state's highest court would decide the issue differently." *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005) (citation omitted).[1] In the absence of direct guidance from Ohio's highest court, this Court must attempt to anticipate how that court would resolve the issue presented. *See Meyers v. Cincinnati Bd. of Ed.*, 983 F.3d 873, 880 (6th Cir. 2020). (citations omitted). The Court must "make [the] best prediction, even in the absence of direct state court precedent, of what the [Ohio] Supreme Court would do if it were confronted with this question". *Managed Health Care Assocs., Inc. v. Kethan*, 209 F.3d 923, 927 (6th Cir. 2000) (citations omitted).

---

1. This Court must consider any available precedent from the state appellate courts, whether published or unpublished. *See West*, 311 U.S. at 237 ("Where an intermediate appellate state court rests its considered judgment upon the rule of law which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise"); *see also Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 328 (6th Cir. 2000) (*West* rule applies "irrespective of whether a state appellate decision is published or unpublished").

Although the Ohio Supreme Court has not addressed this interpretation issue, other Ohio "[c]ourts have consistently construed R.C. 4511.38 to apply only to public property and not to private property." *Berry v. Paint Valley Supply, LLC*, 2017 WL 2544796, at *7 (Ohio Ct. App. 4th Dist.). This consistent interpretation begins with the appellate decision in *Buell v. Brunner*, 10 Ohio App. 3d 41 (Ohio Ct. App. 12th Dist. 1983). In *Buell*, a case involving an accident in a parking lot, the court held:

> The final words in paragraph two of R.C. 4511.38, "on the street or highway," must be construed as applicable to the entire sentence in which they appear. The two major clauses, which are separated by the word "and," are clearly interrelated because of the use of the word "they" early in the second major clause. "They" refers to "operators of vehicles, streetcars, or trackless trolleys" in clause one, and these operators are the ones who must "exercise vigilance not to injure person or property on the street or highway." The term "street or highway" is defined in R.C. 4511.01(BB) and means "the entire width between the boundary lines of every way open to the use of the public as a thoroughfare for purposes of vehicular travel." "Street or highway" therefore does not include a school parking lot or driveways on school property leading thereto.
>
> This court is unable, as suggested by plaintiff, to read clause one of the statute above as applicable to backing on both private and public property, and clause two as applying to public property only, *i.e.,* "streets and highways." In support of our interpretation, we find that R.C. 4511.01, which is composed of definitions of terms used in R.C. Chapter 4511, contains both the terms "street or highway" (R.C. 4511.01[BB]) and "private road or driveway" (R.C. 4511.01[DD]). If the drafters of the Revised Code had intended the first clause of the second paragraph of R.C. 4511.38 to apply to public and private roads and the second to apply only to streets and highways, they would have manifested this intent by including both terms in clause one. Further, an examination of relevant case law indicates that both R.C. 4511.38, and its predecessor, G.C. 6310–21, have been applied exclusively to backing situations on public streets and highways.

10 Ohio App. 3d at 42.

Ohio courts have, as far as the Court's research reveals, universally followed *Buell* and relied on and agreed with its reasoning. *See Luong v. Schultz*, 97 Ohio App. 3d 472, 474 (Ohio Ct. App. 8th Dist. 1994) (finding error in trial court's jury instruction on "the statutory standards of conduct imposed by R.C. 4511.38" when accident occurred in a private parking lot); *Orender*

4

*v. Souders*, 1991 WL 62151, at *3 (Ohio Ct. App. 4th Dist.) ("Court acknowledges the Ohio Revised Code 4511.38 or any local ordinance which is substantially similar . . . is not applicable for a traffic accident on private property."); *State v. Hill*, 2007 WL 915100, at *3 (Ohio Ct. App. 5th Dist.) ("We agree with the *Buell* Court R.C. 4511.38 is only applicable to backing situations on public streets and highways."); *Lennerth v. Aceto*, 1999 WL 1087496, at *3 (Ohio Ct. App. 8th Dist.) ("The statute on which appellant relies, R.C. 4511.38 . . . does not apply to accidents occurring on private property. Rather, the law applying to an operator of a motor vehicle in a private parking lot is the common-law duty to act reasonably under the circumstances."); *Adams v. Floro*, 1988 WL 69155, at *2 (Ohio Ct. App. 6th Dist.) ("R.C. 4511.38, governing backing of vehicles, has no application on private property to constitute negligence *per se*"); *see also City of Cleveland v. Persaud*, 6 N.E.3d 701, 704 (Cleveland Mun. Ct. 2014) (criminal charges based on § 4511.38 dismissed because statute "does not extend to private property" and conduct occurred at "a private gas station").

Plaintiff does not cite Ohio caselaw to the contrary regarding § 4511.38, but contends *Buell* misapplied the rules of statutory construction and should have no persuasive value. Plaintiff argues that based upon the last antecedent rule, the phrase "on the street or highway" is not tied to the first clause of the statute, requiring "ample warning", but only to the second clause, requiring an operator to "exercise vigilance". That is, Plaintiff reads the statute as containing two independent clauses: (1) "[b]efore backing, operators of vehicle, streetcars, or trackless trolleys shall give ample warning"; and (2) "while backing [operators of vehicle, streetcar, or trackless trolleys] shall exercise vigilance not to injure person or property on the street or highway." In Plaintiff's reading, the statute imposes a broader duty on operators

5

everywhere to "give ample warning", but a separate, narrower, duty on operators to "exercise vigilance not to injure" when on the public roadway.

In interpreting statutes, the Ohio Supreme Court has said its "'paramount concern is the legislative intent' of its enactment." *State ex rel. Steffen v. First Dist. Court of Appeals*, 126 Ohio St. 3d 405, 410 (Ohio 2010) (quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St. 3d 355, 358 (Ohio 2004)). In discerning legislative intent, Ohio courts "consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage." *State Farm Mut. Auto. Ins. Co. v. Grace*, 123 Ohio St. 3d 471, 476 (Ohio 2009); *accord* Ohio Rev. Code § 1.42. And when "the meaning of a statute is unambiguous and definite, it must be applied as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local Sch. Dist. Bd. of Educ.*, 74 Ohio St. 3d 543, 545 (Ohio 1996).

"It is an accepted rule of construction that in the absence of an expressed contrary intention, referential and qualifying words and phrases refer solely to the last antecedent." *Ohio Neighborhood Fin., Inc. v. Scott*, 139 Ohio St. 3d 536, 543 (Ohio 2014); *see also State ex rel. Prade v. Ninth Dist. Ct. of App.*, 151 Ohio St. 3d 252, 256 (Ohio 2017) ("referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent") (quoting *Carter v. Youngstown Div. of Water*, 146 Ohio St. 203, 209 (Ohio 1946)). But canons of construction are "[not] absolute and can assuredly be overcome by other indicia of meaning." *Lockhart v. United States*, 577 U.S. 347, 352 (2016) (internal quotation omitted); *see also United States Pirtchett*, 470 F.2d 455, 459 (D.C. Cir. 1972) (the last antecedent rule "is not an inflexible rule, and is not applied where the context indicates otherwise").

The *Buell* court looked to the surrounding context – including related statutory definitions – to determine the proper interpretation was that § 4511.38 in its entirety was limited to public

roadways. 10 Ohio App. 3d at 42. Thus, it implicitly or arguably determined that "other indicia of meaning", *Lockhart*, 577 U.S. at 352, or a "contrary intention", *Prade*, 151 Ohio St. 3d at 256, overrode the last antecedent rule and the grammatical structure of the statute. And such a reading is not unreasonable. It would be somewhat odd for the legislature to – in the same sentence – prescribe a general duty to warn before backing, but a separate and independent duty to avoid injury while backing limited only to public roadways.

Were the Court to interpret the statute in the first instance, absent any guidance from the Ohio courts, it could possibly interpret the statute differently based solely on the grammatical structure of the statute. But this Court does not so do. The Court's role is to predict how the Ohio Supreme Court would interpret the statute. And here, the Court is presented with data from not just one, but five Ohio Appellate Court districts holding that the interpretation offered by *Buell* is the correct one.

As such, the Court holds – in accordance with Ohio courts to address the issue – that Ohio Revised Code § 4511.38 applies only to accidents occurring on public roadways, and not on private property. Because there is no dispute the accident at issue in this case occurred on private property, Defendant is entitled to judgment on the pleadings on Count Four of Plaintiff's Complaint.

Failure to State a Claim

Although the above is sufficient and an independent basis upon which to resolve the issue, alternatively – even taking Plaintiff's interpretation of the statute as accurate – the Court agrees with Defendants that Count Four still fails to state a claim.

Plaintiff's argument that the phrase "on the street or highway" is not tied to the first clause, requiring "ample warning" implicitly concedes that the second clause   (requiring

7

operators, while backing, to "exercise vigilance not to injure person or property on the street or highway") does not apply to private property. Therefore, to make out a negligence *per se* claim based on § 4511.28, Plaintiff's Complaint would have to allege facts to support a claim that "[b]efore backing" Titus failed to "give ample warning".

Factually, the Complaint alleges:

10. On February 2, 2022, Plaintiff Gregory Davis stopped at Defendant Hutchison Shell's gas station in Wapakoneta, Ohio to purchase and refuel his vehicle with gas. Mr. Davis was traveling by car back to his home in Michigan.

11. While on the premises of the Defendant Hutchison Shell gas station, Mr. Davis, a business invitee, parked his vehicle next to a gas pump and exited the vehicle to pump gas.

12. While Mr. Davis as waiting for his gas tank to fill, a tractor trailer owned by Defendant Sunset Cylinder, and being operated by Defendant Matthew Titus, backed into Mr. Davis.

13. The tractor trailer initially pinned Mr. Davis against Mr. Davis' vehicle. The tractor trailer continued running into a ran Mr. Davis over.

14. Following the incident, Mr. Davis was immediately taken to the hospital, where he remains at present.

(Doc. 1, at ¶¶ 10-14). Under the negligence *per se* count, the Complaint states:

38. Plaintiff realleges and hereby incorporates by reference each and every preceding paragraph as if fully rewritten herein.

39. At the date and place described above herein, there was a legislative enactment imposing a specific duty upon Defendant Matthew Titus for the safety and protection of a person in Plaintiff's position, to wit Ohio Revised Code ("R.C.") Section 4511.38 entitled "Rules for starting and backing vehicles."

40. At the date and place described above herein, Defendant Matthew Titus failed to observe and otherwise violated R.C. § 4511.38.

41. Defendant Matthew Titus' failure to observe R.C. § 4511.38 proximately caused Plaintiff physical injuries and past and future economic and non-economic damages.

*Id.* at ¶¶ 38-41.

The Complaint contains no factual allegations to support a "lack of ample warning" negligence *per se* claim, despite Plaintiff's argument in opposition that "[i]f further factual development reveals that Defendant did not give any warning whatsoever, it can be determined that he categorically violated the statute". (Doc. 21, at 11). The Complaint's broad allegations that Titus violated § 4511.38 are legal conclusions not entitled to any deference. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true for purposes of a motion to dismiss). There are no factual allegations regarding a "lack of ample warning". The Complaint fails to state a claim for negligence *per se* based on a lack of warning.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant's Motion for Partial Judgment on the Pleadings (Doc. 15) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE